UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

                                  Chapter 7

Paul Andrew Baltzer                      Case No. 6:07-bk-04635-KSJ

        Debtor.

_____/

## MOTION TO REOPEN BANKRUPTCY CASE

Paul Andrew Baltzer, pursuant to 11 U.S.C. §350 and F.R.B.P. 5010, requests the entry of an order reopening this Chapter 7 bankruptcy case to permit the Debtor to file Motion for Sanctions for Violation of the Discharge Injunction against Bayview Loan Servicing, LLC ("Bayview"), and states:

A.    <u>Background</u>.

    1.    On September 28, 2007, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

    2.    On Schedule D, the Debtor listed Countrywide Home Loans ("Countrywide") as a secured creditor in his bankruptcy case holding a mortgage (the "Mortgage") on the debtor's property located at 230 Lake Destiny Trail, Altamonte Springs, Florida. Countrywide received actual notice of the bankruptcy case.

    3.    On January 27, 2008, the Court entered the Discharge of Debtor (Doc. No. 24).

    4.    On August 1, 2009, the Court entered an order approving account, discharging trustee, canceling bond and closing estate (Doc. No. 46).

    5.    Bayview purports to be the servicer of the Mortgage.

    6.    Despite actual notice of the bankruptcy case and discharge order and numerous communications with Debtor and Debtor's counsel, Bayview continues to seek payment from the Debtor.

B.    <u>Legal Authority</u>.

Code Section 350(b) provides:

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

F.R.B.P. 5010 provides:

> A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

Therefore, Debtor requests entry of an order reopening the case to permit the Debtor to file a motion against Bayview for sanctions for violation of the discharge injunction and such further relief the court deems necessary.

C.    <u>Certificate of Service</u>.  I certify that a copy of this motion has been served on April 8, 2014: (i) to all "filing users" through the CM/ECF filing system; (ii) by first class certified United States mail, postage prepaid, to Bayview Loan Servicing, LLC, Attn: David Ertel, Manager, 4425 Ponce de Leon Blvd., 4th Floor, Coral Gables, FL 33146; and by (iii) first class United States mail, postage prepaid to Bayview Loan Servicing, LLC, 62516 Collection Center Drive, Chicago, IL 60693-0625, and Bayview Loan Servicing, LLC, 4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146.

                                            /s/ David R. McFarlin
                                            David R. McFarlin
                                            Florida Bar No. 328855
                                            Wolff, Hill, McFarlin & Herron, P.A.
                                            1851 West Colonial Drive
                                            Orlando, FL 32804
                                            Telephone (407) 648-0058
                                            Facsimile (407) 648-0681
                                            dmcfarlin@whmh.com

                                            Attorneys for the Debtor