UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Paul Andrew Baltzer

Debtor.
_____/

Chapter 7
Case No. 6:07-bk-04635-KSJ

**FINDINGS AND CONCLUSIONS ON DEBTOR'S MOTION
FOR SANCTIONS AGAINST BAYVIEW LOAN SERVICING, LLC**

This matter came before the court on December 1, 2014, to consider and act upon the motion (Doc. No. 54) of Debtor, Paul Andrew Baltzer, for sanctions against Bayview Loan Servicing, LLC ("Bayview") for violation of the discharge injunction. In addition to the findings of fact and conclusions of law stated and recorded in open court which are incorporated in this Order, the Court finds and concludes and it is ordered:

A.    Background.

1.    Chapter 7 Case. On September 28, 2007, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

2.    Investment Property. On Debtor's bankruptcy Schedule A, Debtor scheduled an interest in investment property ("Investment Property") located at 230 Lake Destiny Trail, Altamonte Springs, Florida. In Debtor's statement of intentions, Debtor expressed intent to "surrender" the Investment Property.

3.    Countrywide 1st Mortgage. On Schedule D, the Debtor listed Countrywide Home Loans ("Countrywide") as a secured creditor in his bankruptcy case holding a mortgage (the "1st Mortgage") on the Investment Property. Countrywide received actual notice of the bankruptcy case.

4. <u>Discharge</u>. On January 27, 2008, the Court entered the Discharge of Debtor (Doc. No. 24) (the "Discharge").

5. <u>Bayview</u>. Bayview purports to be the servicer of the 1st Mortgage.

6. <u>Foreclosure of 2nd Mortgage</u>. Subsequent to the closing of Debtor's bankruptcy case, SunTrust Bank, holder of the second mortgage on the Investment Property, foreclosed on the Investment Property. Certificate of Title was issued to SunTrust on February 28, 2011.

7. <u>Post-Discharge Collections</u>. Subsequent to the Discharge and notwithstanding foreclosure of the 2nd Mortgage, Bayview continued to demand payment from the Debtor on account of the discharged personal liability related to the 1st Mortgage, including:

   a. Telephone communications with the Debtor;

   b. Written demands from Bayview and responses to the demands as follows:

| Date | From | To | Nature of Communication |
|---|---|---|---|
| 11/09/2012 | Bayview | Debtor | Letter regarding hazard insurance |
| 11/09/2012 | Debtor | Bayview | Letter informing Bayview of discharge |
| 12/17/2012 | Debtor | Bayview | Letter informing Bayview of discharge |
| 02/27/2013 | Bayview | Debtor | Monthly Billing Statement |
| 02/27/2013 | Bayview | Debtor | Monthly Rate Change Notice |
| 03/11/2013 | Debtor's counsel | Bayview | Letter informing Bayview of bankruptcy, discharge, issuance of certificate of title |
| 05/09/2013 | Bayview | Debtor | Monthly Rate Change Notice |
| 05/22/2013 | Debtor's counsel | Bayview | Email of letter dated 03/11/2013 |
| 05/22/2013 | Bayview | Debtor's counsel | Email communication |
| 06/11/2013 | Bayview | Debtor | Letter re: loan modification program |
| 06/17/2013 | Debtor's counsel | Bayview | Email communication |
| 10/16/2013 | Bayview | Debtor | Letter regarding property insurance |
| 10/17/2013 | Bayview | Debtor | Monthly Rate Change Notice |
| 12/16/2013 | Bayview | Debtor | Monthly Billing Statement |
| 12/31/2013 | Bayview | Debtor | Letter re: asset management team |
| 01/07/2014 | Debtor's counsel | Bayview | Facsimile and email transmittal to asset management team |

| | | | |
|---|---|---|---|
| 02/14/2014 | Bayview | Debtor | Notice regarding changes to mortgage interest rate and payment |
| 02/17/2014 | Bayview | Debtor | Mortgage Statement |
| 03/04/2014 | Bayview | Debtor | Letter re: asset management team |
| 03/17/2014 | Bayview | Debtor | Mortgage Statement |
| 03/24/2014 | Bayview | Debtor | Notice re: availability of homeownership counseling |
| 04/16/2014 | Bayview | Debtor | Mortgage Statement |
| 05/14/2014 | Bayview | Debtor | Notice of Default and Intent to Accelerate |
| 05/14/2014 | Bayview | Debtor | Mortgage Statement |
| 06/16/2014 | Bayview | Debtor | Mortgage Statement |
| 06/27/2014 | Bayview | Debtor | Letter re: loan assistance options available |
| 07/16/2014 | Bayview | Debtor | Mortgage Statement |
| 08/18/2014 | Bayview | Debtor | Mortgage Statement |
| 09/02/2014 | Bayview | Debtor | Letter informing Debtor that Bayview purchased property insurance and added to mortgage loan amount |
| 09/15/2014 | Bayview | Debtor | Annual Escrow Account Disclosure Statement |
| 09/16/2014 | Bayview | Debtor | Mortgage Statement |
| 10/16/2014 | Bayview | Debtor | Mortgage Statement |
| 11/12/2014 | Bayview | Debtor | Letter advising loan was referred to foreclosure with Hardship Application documentation |
| 10/09/2014 | Debtor's counsel | Bayview | Email correspondence advising that WHMH represents Debtor in Motion for Sanctions |

        c.      Reporting to credit reporting agencies of balances owing from Debtor relating to the 1st Mortgage.

        8.      Damages. Debtor has suffered damages, including attorneys' fees and costs.

B.      Discussion and Legal Authority.

        1.      The Discharge. The Discharge provides in relevant part:

Collection of Discharged Debts Prohibited

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. [In a case involving community property: There are also special rules that protect certain community property owned by the debtor's

spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

11 U.S.C. § 524(a) provides in relevant part:

A discharge in a case under this title—

. . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . .

11 U.S.C. § 727(b) provides in relevant part:

. . . a discharge . . . discharges the debtor form all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed. . . .

Section 524 "embodies the 'fresh start' concept of the bankruptcy code**.**" *In re Hardy*, 97 F.3d 1384, 1388-89 (11th Cir. 1996).

     2.    <u>Private Right of Action</u>.  In *In re Hardy*, 97 F.3d 1384, 1388-89 (11th Cir. 1996), the Eleventh Circuit rejected the creditor's argument that section 524 only provides for injunctive relief and held:

> Instead of grounding liability for violation of the permanent stay in the court's inherent contempt powers and §524, we exercise the caution recommended by the Court in *Chambers* and rely on the other available avenue for relief, statutory contempt powers under §105.

*Id*., at 1389.

The law is settled that the Bankruptcy Court can couple section 105 with section 524 to enforce the provisions of the discharge injunction and to award damages for willful violations of the discharge injunction. *In re Hardy* at 1189.

4

3. <u>Willfulness</u>. Conduct is deemed willful if the creditor: "(i) knew that the discharge injunction was invoked and (ii) intended the actions that violated the discharge injunction." *In re Hardy*. The subjective beliefs or intent of the creditor are irrelevant. *In re Hardy* at 1390. Receipt of notice of a debtor's discharge is sufficient to establish the knowledge element of the two-part test. *In re Hardy*, at 1390. See, *Bibolotti v Am Home Mortgage Servicing Corp.*, 2013 WL 2147949(E.D. Tex. May 15, 2013) (solicitation of mortgage modification in violation of discharge injunction). The violation of the discharge injunction by Bayview was willful.

4. <u>Damages</u>.

When the Court determines that a willful violation of the discharge injunction has occurred, the Court's award of actual damages can include the attorney's fees that the Debtor incurred as a result of the violation. See *In re Wallace*, 2011 WL 1335822, Case No. 09–bk–594–PMG (Bankr M.D. Fla. Apr 5, 2011) (Discussion about types of damages that may be awarded).

It is also well settled law that the Court can award damages for emotional distress as part of a plaintiff's actual damages. *See In re Diaz*, 452 B.R. 257 (Bankr. M.D. Fla. 2009), rev'd on basis of sovereign immunity of state 647 F.3d 1073(11th Cir 2011); *In re Nibbelink*, 403 B.R. 113, 120-21 (Bankr. M.D. Fla. 2009). In *In re Wallace*, Judge Glenn awarded damages for emotional distress as did Judge Briskman in *In re Thompson*

In addition to actual damages, Bankruptcy Courts may use the express authority of section 105 to award punitive damages. See *Nibbelink,* 403 B.R. at 122.

The Debtor sustained actual damages as a proximate cause of Bayview's discharge violations, in the amount of $112,465.90 calculated as follows:

| | | |
|---|---|---|
| a. | Time spent by Debtor 55 hrs @ $141.38 per hour: | $ 7,775.90 |
| b. | Attorney's Fees and Costs: | $ 8,500.00 |
| c. | Loss of economic opportunity | $34,690.00 |
| d. | 5 written violations prior to acknowledging discharge on 5/22/2013 @ $500.00 each | $ 2,500.00 |
| e. | 22 written violations after 5/22/2013 @ $2,000.00 each | $44,000.00 |
| f. | Various phone calls | $ 5,000.00 |
| g. | Inaccurate credit reporting | $10,000.00 |

An award of punitive damages is appropriate because Bayview acted with actual knowledge of the violations and with a reckless disregard of the Debtor's protected right of a discharge. Accordingly, the Debtor is entitled to punitive damages against Bayview in the amount of $112,465.90.

This Court shall retain jurisdiction to enforce the terms this order or any other violations occurring after the entry of this order. A separate judgment will be entered consistent with the findings and conclusions.

DONE AND ORDERED on December 11, 2014                                                      .

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Attorney, Jeanne A. Kraft, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order.